UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL HUDSON, | Case No. 1:19-CV-00954-HBK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS[1] |
| v. | |
| C. PFEIFFER, R. COX, J. DIAZ, D. BALKIND, R, NUCKLES, | (Doc. No. 20) |
| Defendants. | |

Plaintiff Darryl Hudson is a state prisoner proceeding *pro se* on his civil rights complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e(a) in response to the complaint. (Doc. No. 20). Defendants request the Court take judicial notice of Plaintiff's inmate grievances concerning the incident at issue. (Doc. No. 21) (citing Exhibit A at 6-8). Plaintiff filed an opposition. (Doc. No. 24). And Defendants filed a reply. (Doc. No. 25). For the reasons discussed below, the undersigned recommends the district court grant Defendants' motion to dismiss because the complaint was filed after the statute of limitations expired.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2019).

# I. BACKGROUND

## A. The Complaint and Attachments

The complaint, constructively filed on July 11, 2019,[2] identified the following ten defendants: Warden C. Pfeiffer, Captain R. Cox, Captain J. Diaz, Lieutenant D. Balkind, Lt. R. Nuckles, Sgt. A. Sotelo, correctional officer R. Rodriquez, correctional officer J. Fernandez, correctional officer J. Figueroa, and correctional officer V. Escobedo. (Doc. No. at 1). And the complaint alleged three claims: (1) failure to protect; (2) excessive use of force and retaliation; (3) First, Eighth, and Fourteenth Amendment violations stemming from obstruction of justice. (*Id.* at 5-18). As relief, Plaintiff sought monetary damages. (*Id.* at 18).

## B. Screening Order under 28 U.S.C. § 1915A

The previous magistrate judge issued a screening order finding the complaint stated a plausible Eighth Amendment excessive use of force claims against Defendants Nuckles, Sotelo, Rodriquez, Fernandez, Figueroa, and Esccobedo. (Doc.10 at 1-2, 4). The screening order also determined the complaint stated a plausible First Amendment retaliation claim against Defendant Nuckles due to the allegations that Nuckles beat Plaintiff in retaliation for filing staff complaints. (*Id.*). The screening order determined the complaint stated no other claims. (*Id.* at 1-2).

Plaintiff was afforded the opportunity to advise the court whether he wanted to: (1) proceed only the claims sanctions by this court and voluntarily dismiss all other defendants; (2) file a first amended complaint; (3) notify the court that he wished to stand on his complaint subject to dismissal of claims and defendants consistent with the order. (*Id.* at 1). In response, Plaintiff filed a notice to proceed on only the cognizable claims. (Doc. No. 11). Service of process ensued on Defendants Nuckles, Sotelo, Rodriquez, Fernandez, Figueroa, and Escobedo. (Doc. No. 16). Thus, although all defendants identified in the Complaint remain on the caption and docket in this matter, this action is proceeding against only Nuckles, Sotelo, Rodriquez, Fernandez, Figueroa, and Escobedo.[3] After Defendants waived personal service of process, the

---

[2] Under the prison mailbox rule, a prisoner's legal pleadings are considered filed at the time of delivery to prison authorities for forwarding to the court. *Houston v. Lack*, 487 U.S. 266.

[3] Upon review, the court notes Defendants C. Pfeiffer, R. Cox, J. Diaz, and D. Balkin remain identified as defendants on the docket following Plaintiff's notice (Doc. No. 11) that essentially served as a voluntary

Court stayed the case to permit the parties an opportunity to participate in early alternative dispute resolution. (Doc. No. 17). Defendants timely opted out of the early ADR. (Doc. No. 18). Defendants then filed the instant motion to dismiss.

### C. Defendants' Motion to Dismiss, Plaintiff's Response, Defendants' Reply

Defendants move to dismiss noting that Plaintiff is serving a life sentence in the California Department of Corrections and is therefore subject to a two-year statute of limitations applicable to claims under 42 U.S.C. § 1983. (Doc. No. 20 at 3). Defendants submit that Plaintiff's claim accrued on June 30, 2016, when the excessive use of force incident occurred, and that Plaintiff is entitled to tolling for the duration of time when his inmate grievances concerning the matter were pending, *i.e.,* nine months and 12 days. (*Id.* at 5-7). Based on the foregoing, Defendants argue that the Complaint is untimely by approximately 3 months and therefore subject to dismissal. (*Id.* at 7).

Plaintiff opposes Defendants' motion. Plaintiff first argues that the court properly screened his complaint, determined it stated a cognizable excessive use of force claim, which therefore precludes Defendants' Rule 12(b)(6) motion. (Doc. No. 24 at 4-6). Plaintiff further asserts that a four-year statute of limitations period applies to his § 1983 claims, despite his "lifer" status. (*Id.* at 3, 8). Plaintiff acknowledges the use of force incident giving rise to the instant claims occurred on June 30, 2016 but argues that the accrual date of his claims is April 25, 2017, the date on which his administrative remedies were exhausted. (*Id.* at 8). Plaintiff further argues that he is entitled to a year of tolling during the pendency of his prison administrative grievances. (*Id.*). Based on Plaintiff's calculations, he argues he had until April 25, 2022 to timely file this action. (*Id.*).

In Reply, Defendants note that Plaintiff's four-year statute of limitations, plus one year tolling during exhaustion of administrative grievances arguments, lack sufficient legal support. (Doc. No. 25 at 1). Defendants maintain that Plaintiff had two years to bring his suit, plus the nine months and 12 days of equitable tolling provided for the time he was exhausting his

---

dismissal of any claims or defendants not deemed cognizable by the previous magistrate judge's screening order (Doc. No. 10).

3

administrative remedies on the related claims. (*Id.* at 2). Consequently, Plaintiff's limitations period expired on April 11, 2019, three months before Plaintiff filed suit, resulting in a time-bar. (*Id.*).

### D. Defendants Request for Judicial Notice or Incorporation by Reference

Defendants request that the Court take judicial notice, or incorporation of reference, of Plaintiff's inmate grievances concerning the incident at issue. (*See generally* Doc. No. 21). Defendants attach these applicable inmate grievances as Exhibit A. (*Id.*) (citing Exh. A). Relevant for purposes of this case, Defendants recognize that when calculating the statute of limitations to determine whether any § 1983 claims are time-barred, a plaintiff is eligible for tolling during the mandatory exhaustion process, *i.e.*, the time during which the plaintiff's inmate grievances are pending institutional review until the grievances process is complete. (Doc. No. 20 at 6-7). Additionally, or alternatively, Defendants argue that its proper for the Court to consider the inmate grievances as incorporated by reference. (*Id.* at 3-4). Defendants note that the incorporation by reference doctrine authorizes courts to consider documents outside the pleadings when omitted but integral to the claim.

Although on a motion to dismiss a court normally does not consider matters outside the pleadings, it may consider items that are properly the subject of judicial notice. *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1120 (N.D. Cal. 2009). Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice on its own or at the request of any party. Fed. R. Evid. 201(c).

Defendants argue that the dates and duration of Plaintiff's exhaustion efforts can be "accurately and readily determined" by consulting the grievances referenced in Plaintiff's Complaint and are therefore properly judicially noticed. (Doc. No. 21 at 3). Specifically, Defendants contend its proper for this Court to judicially notice that Plaintiff's inmate grievances were pending from July 14, 2016 to April 25, 2017. (*Id.*) (citing Exh. A).

1     Because the Court may take judicial notice of Plaintiff's inmate grievances related to this case, Defendants' request to take judicial notice is granted. *Washington v. Adams*, 2011 WL 5975646, *1 (E.D. Cal. Nov. 29, 2011) (citing *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008); *United States v. Howard*, 381 F.3d 873, 876, n. 1 (9th Cir. 2004)). Additionally, or alternatively, the Court determines the inmate grievances are properly considered under incorporation by reference to the extent the grievances exhausted Plaintiff's claim at issue in this case. *Washington*, 2011 WL 5975646, 1 (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998(9th Cir. 2010)).

## II. STANDARD OF REVIEW

    Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss for failure to state a claim under this section tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While *pro se* complaints are held to "less stringent standards," than those drafted and filed by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Federal Rules of Civil Procedure 8 and 10 still apply to *pro se* actions. A complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d at 962, 969 (9th Cir. 2009).

    At this stage of the proceedings, the Court accepts the facts stated in the Complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The Court does not accept as true allegations that are merely conclusory or are based on unreasonable inferences or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor do legal conclusions qualify as facts. *Iqbal*, 556 U.S. at 678. Because Plaintiff is *pro se*, the Court liberally construes the pleading in the light most favorable to him. *Jenkins v. McKeithen*,

1  395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  Further,
2  a Court's finding that a complaint states a cognizable claim at screening under 28 U.S.C. § 1915A
3  does not preclude the court from dismissing the complaint later for failure to state a claim under
4  Rule 12(b)(6).  *See Easley v. Pinnell*, 182 F.3d 924, n. 3 (9th Cir. 1999) (discussing that the
5  court's determination the complaint stated non-frivolous claims under § 1915A at screening did
6  not prelude subsequent dismissal for failure to state a claim); *Coleman v. Maldnado*, 564 F.
7  App'x 893, 894 (9th Cir. 2014) (a district court may still properly grant a motion to dismiss
8  despite a prior screening order finding the complaint stated a claim).

9  As noted *supra*, in ruling on a motion to dismiss, the Court may consider only the
10 complaint, any exhibits attached thereto, and matters which may be judicially noticed pursuant to
11 Federal Rule of Evidence 201.  *See Mir. v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.
12 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F.Supp.2d 1035, 1042
13 (C.D. Cal. 1998).

### III. APPLICABLE LAW AND ANALYSIS

**A.  A Rule 12(b)(6) motion may follow a court's § 1915 screening order**

Plaintiff first asserts that because the Court previously screened the complaint, finding his excessive use of force claim was cognizable, the complaint may not be dismissed under Rule 12(b)(6).  (Doc. No. 24 at 4-6).  Plaintiff's premise is misplaced.

Title 28 U.S.C. § 1915A applies to prisoner actions seeking redress from a governmental entity.  The statute requires a court to "review before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint."  Central to a § 1915A is that the reviewing court identify "cognizable" claims or dismiss the complaint if the claims are frivolous, malicious, or fails to state a claim.  A court's determination that a case proceeds past § 1915A initial screening does not preclude granting a later-filed motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Forte v. Hughes*, Case No. 1:13-cv-01980-LJO-SMS, 2014 WL 5603788, *1 (E.D. Cal. Nov. 3, 2014) (noting a screening order does not rule on the merits of the proposed action but instead evaluates whether the claim is cognizable and is not a substitute for a 12(b)(6) motion); *see also Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. March 28,

2007)(citations omitted); *Murphy v. Warren*, 2015 WL 363023, at *9, n. 1 (N.D. Ga. Jan. 27, 2015)(same) (citing *Cusamano v. Sobek*, 604 F. Supp.2d 416, 435 (N.D.N.Y 2009)(a determination that a prisoner complaint survives the initial § 1915A screening does not preclude later dismissal under Fed. R. Civ. P. 12(b)(6) or § 1915(e)(2)).

### B. Plaintiff's Claims are Time-Barred Because He is Serving a Life Sentence

The statute of limitations for § 1983 actions is dictated "by the forum state's statute of limitations for personal injury actions," which is two years in California. *Whiting v. City of Cathedral City*, 735 F. App'x 927, 928 (9th Cir. 2018); Cal. Civ. Proc. Code § 335.1; *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (noting courts should also borrow all applicable provisions for tolling the limitations found in state law in actions where the federal court borrows the state statute of limitations). California Code of Civil Procedure § 352.1(a) provides an additional two years to file from when the cause of action *accrues* for those imprisoned "for a term less than for life." Additionally, California law permits tolling of the two-year limitations period during the time a prisoner pursues his administrative remedies. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."). "Accrual is the date on which the statute of limitations begins to run . . .." *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). "[U]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (internal quotation marks omitted).

Here, two primary issues follow: (1) the accrual date; and (2) the calculation of the statute of limitations. Turning first to the accrual date, Defendants argue Plaintiff's claims accrued on June 30, 2016, when the alleged use of force occurred. (Doc. No. 20 at 5). Plaintiff does not dispute the use of force incident transpired on June 30, 2016, but argues the claims accrued on April 25, 2017, when he finished exhausting his administrative remedies. (Doc. No. 24 at 7).

Although state law dictates the appliable statute of limitations, federal law governs when a claim accrues. *Lukovsky*, 535 F.3d at 1048-51; *see also Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). A claim accrues when a plaintiff knows or has reason to know of the injury that

7

1 forms the basis of the action. *Belanus*, 796 F.3d at 1025. "An action ordinarily accrues on the
2 date of the injury." *Id.* Here, Plaintiff alleges he sustained injuries on the date the use of force
3 occurred, June 30, 2016. (Doc. No. 1 at 6-7). Plaintiff's argument that the accrual date is
4 triggered by time his inmate grievance was denied is not supported by controlling law. *Belanus*,
5 796 F.3d at 1026 (rejecting a plaintiff's argument that time should be tolled pending response to
6 his written inquires). The undersigned finds that June 30, 2016, the date the excessive use of
7 force and resultant injuries occurred, is the date of accrual.

8 Applying the June 30, 2016 accrual date, the Court next turns to calculate Plaintiff's filing
9 deadline. Plaintiff acknowledges he is serving a prison term of life without parole. (Doc. No. 24
10 at 3). Thus, Plaintiff is subject to California's two-year statute of limitations for his § 1983
11 claims. Because he is a prisoner, Plaintiff is eligible for tolling of the statute of limitations during
12 the pendency of his prison administrative grievances concerning the incident. As indicated on the
13 judicially noticed prisoner grievances, Plaintiff is entitled to tolling from the date he filed his first
14 level appeal on July 14, 2016 to the final level review on April 25, 2017. (Doc. No. 21 at 9) (first-
15 level grievance submitted on July 14, 2016; (Doc. No. 21 at 7) (third-level appeal decision denied
16 on April 25, 2017). Only 14 days ran on the two-year limitation period from the date of the
17 accrual of the claim (Thursday, June 30, 2016) until Plaintiff filed his first level grievance
18 (Thursday, July 14, 2016). The statute was tolled while Plaintiff was exhausting his grievance
19 appeal and it did not begin to run again until Wednesday, April 26, 2017, the day after his third-
20 level appeal was denied. Another 806 days (or 2 years, 2 months and 15 days) elapsed until
21 Plaintiff delivered his complaint to correctional officials for mailing on July 11, 2019. Thus, the
22 undersigned finds that Plaintiff's complaint was filed 2 months and 29 days <u>after</u> the two-year
23 limitation period expired. Consequently, the undersigned finds that Defendants' motion to
24 dismiss seeking dismissal of the complaint as barred by the applicable statute of limitations is due
25 to be granted.

26 Accordingly, it is **ORDERED**:
27 The Clerk shall assign this case to a district court judge.
28 It is further **RECOMMENDED**:

8

1. Defendants' request to take judicial notice (Doc. No. 21) be **granted.**

2. Defendants' motion to dismiss the complaint as time-barred (Doc. No. 20) be **granted**.

3. The Clerk of Court shall terminate any remaining pending motions, enter judgment in favor of Defendants, and close this case.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: December 17, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE